UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TACO TICO OF NEW ORLEANS, INC. | CIVIL ACTION |
| VERSUS | No. 09-3502 |
| ARGONAUT GREAT CENTRAL INS. CO., AND ESSEX INS. CO. | SECTION I/4 |

## ORDER AND REASONS

Before the Court is a motion for remand filed by plaintiff, Taco Tico of New Orleans, Inc., ("Taco Tico").[1] Defendant, Argonaut Great Central Insurance Co. ("Argonaut"), opposes the motion.[2] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On August 30, 2007, plaintiff initiated this action in Louisiana state court alleging that Argonaut and Essex Insurance Co. ("Essex") wrongfully failed to pay claims for damages suffered by plaintiff during Hurricane Katrina. The petition was served on Argonaut and Essex on April 30, 2009.[3] Argonaut removed the case to federal court on May 8, 2009. In its notice of removal, Argonaut stated that "[c]ounsel for Essex has been contacted and has consented to the removal of this matter."[4] Essex, however, never filed its written consent to removal into the record.

On June 8, 2009, Taco Tico filed a timely motion to remand. The sole basis for the motion is that Essex's failure to file its consent into the record renders the removal deficient under 28 U.S.C. § 1446.

---
[1] R. Doc. No. 3.
[2] R. Doc. No. 4.
[3] Through telephone conversations with each of the parties, the service dates were confirmed.
[4] R. Doc. No. 1, p. 4.

1

## *DISCUSSION*

In order to remove an action from a state court, a defendant must file a notice of removal in a United States District Court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). All defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served. Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988). If the removing parties fail to comply with such procedural requirements, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c).

"Because removal raises significant federalism concerns, the removal statute is strictly construed. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id. When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

Argonaut argues that Essex did, in fact, give its consent as demonstrated by the petition for removal and an email[5] sent from counsel for Essex to counsel for Argonaut on May 21, 2009. Alternatively, Argonaut asserts that Essex is a nominal party because of a settlement agreement between plaintiff and Essex and, as a result, Essex's consent to removal is unnecessary. The Court will consider each of these agreements in turn.

---

[5] R. Doc. No. 4-2. The email states, in relevant part, "Please let this email confirm our conversation of May 20, 2009, in which I conveyed to you my clients' acceptance of your client's settlement offer below. Please make the check or checks jointly payable to my clients and to my law firm . . . Additionally, please forward to my offices (preferably by email in Word or PDF format) draft releases at your convenience. I have notified the Court of our settlement. Please call or email with any questions or concerns."

*A. Written Consent*

Although § 1446 only requires that all defendants consent to removal, "a defendant must do so itself." Getty Oil, 841 F.2d at 1262, n. 11. The United States Court of Appeals for the Fifth Circuit explained in Getty Oil:

> This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

Id. Accordingly, "the 'rule of unanimity' requires that all then served defendants either join in the notice of removal or timely file written consent to removal into the record." Jacob v. Greyhound Lines, Inc., No. 02-2199, 2002 WL 31375612, at *6 (E.D.La. October 21, 2002) (Vance, J.).

In the instant case, Essex has done neither. Essex did not join in the notice of removal when it was filed. Instead, the notice merely alleges that counsel for Essex "has been contacted and consents to this removal."[6] A bare allegation contained within a petition that a co-defendant consents to a removal is insufficient to fulfill the requirements of Getty Oil. 841 F.2d at 1262, n. 11. Such an allegation does not lead the Court to conclude that Essex has actually authorized Argonaut to represent its consent to the Court. See Johnston v. Health Bilal, 2009 WL 981696 at *2 (E.D.La. April 13, 2009). Additionally, this Court has previously held that private emails between counsel are insufficient to constitute written consent as they fail to put either the Court or plaintiff on notice. Id. citing Marshall v. Liquide-Big Three, Inc., 2006 WL 286011, at *2 (E.D.La. February 7, 2006).

---

[6] R. Doc. No. 1, p. 4.

*B. Nominal Party*

An exception to the general rule requiring all defendants to join a removal petition is the nominal party exception. See Robinson v. National Cash Register Co., 808 F.2d 1119, 1123 (5th Cir. 1987). "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 871 (5th Cir. 1991) quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549-50 (5th Cir. Unit A Dec. 1981). "The question for the district court is whether it would be fair to the plaintiff to enter a judgment in the absence of the non-removing parties." Farias 925 F.2d at 871. Federal courts must look to state law to determine whether removal is proper on the ground that a defendant is no longer effectively a party to the case. See Estate of Martineau v. ARCO Chemical Co., 203 F.3d 904, 910 (5th Cir. 2000).

Defendants who have settled are nominal parties who are "no longer effectively a party to the case." Id. Under Louisiana law, a settlement agreement is enforceable if it is in writing and signed by the parties or their agents or recited in open court and capable of being transcribed from the record of the proceeding. City of Baton Rouge v. Douglas, 984 So.2d 746, 749 (La.App. 1 Cir. 2008). Because Argonaut is the party seeking removal, it bears the burden of proving the existence of an enforceable settlement agreement. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996).

Argonaut alleges that Taco Tico and Essex reached a settlement in this case. The only evidence provided by Argonaut is an email exchange between counsel for Taco Tico and counsel

4

for Essex stating that the parties reached an oral agreement on May 20, 2009.[7] This email is insufficient to prove an enforceable agreement under Louisiana law[8] because it does not establish the existence of an agreement that has been signed by the parties or their agents. The document indicates that draft releases are going to be exchanged by the parties, but it does not represent that those documents have been signed. The "draft" nature of the releases indicates that the agreement may or may not be finalized. Further, counsel requests that he be contacted with any questions or concerns, underscoring the fluid nature of any agreement. Based on the record before the Court, Argonaut has failed to meet its burden of proving an enforceable settlement agreement. Without proof of such an agreement, Essex cannot be considered a nominal party and its failure to file its written consent defeats removal.

Accordingly, **IT IS ORDERED** that plaintiff, Taco Tico's, motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to Louisiana's Twenty-Second Judicial District Court due to the failure of all defendants to join in removal.

New Orleans, Louisiana, July 15, 2009.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. No. 4-4.
[8] The Court is aware of the holding of Dozier v. Rhodus, the unpublished split decision by the Louisiana First Circuit Court of Appeals, that an email exchange can create an enforceable settlement agreement. 2009 WL 1211376 at *7 (La.App. 1 Cir. May 5, 2009). The Court has not been able to find any other authority that supports this proposition. The Louisiana Supreme Court has held that settlement agreements are not enforceable unless signed by the parties or their agents. Sullivan v. Sullivan, 671 So.2d 315, 318 (La. 1996). Until that occurs, the parties are free to withdraw their consent because there is no enforceable agreement. Id. Given the Sullivan decision, and the presumption that any doubt is to be resolved in favor of remand, the Court finds that remand is required under the facts of this case.